UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN JOSEPH BULLIS,

        Plaintiff,

v.                                                    CASE NO. 2:19-CV-11724
                                                   HONORABLE SEAN F. COX

K. KULLMAN and MACOMB CO. JAIL,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

### I. INTRODUCTION

Macomb County Jail inmate Jordan Joseph Bullis ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges that K. Kullman, a Macomb County Jail mailroom employee, opened unidentified pieces of mail and wrote on his letters and damaged an envelope of federal court mail. Plaintiff also alleges that the midnight shift at the Macomb County Jail is not allowing him to shower every night such that he is at risk of disease. Plaintiff names K. Kullman and the Macomb County Jail as the defendants in this action. He sues K. Kullman in his personal and official capacity and sues the Macomb County Jail in its official capacity. Plaintiff alleges a violations of certain federal criminal postal statutes with respect to his mail and a violation of his Eighth Amendment rights with respect to his shower privileges. Plaintiff seeks "liabilities" and a "lien" as relief. Having reviewed the matter, the Court concludes that the civil rights complaint must be dismissed. The Court also concludes that an appeal from this decision cannot be taken

in good faith.

## II.  DISCUSSION

Plaintiff has been granted leave to proceed without prepaying the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), a court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While notice pleading does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the

2

defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

First, Plaintiff's claims against the Macomb County Jail must be dismissed. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. *See Edward v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper

defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983). Plaintiff's claims against the Macomb County Jail must therefore be dismissed.

Second, even if Plaintiff named a proper defendant (*e.g.,* a jail employee) as to his shower privileges claim, he fails to state a constitutional violation as to that issue. It is well-settled that the unnecessary and wanton infliction of pain upon a prisoner constitutes cruel and unusual punishment under the Eighth Amendment. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). As to conditions of confinement, the Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *Id*. at 348. A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that he is incarcerated under conditions posing a "substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837.

Not being allowed to shower every night does not create a substantial risk of harm to an inmate – and Plaintiff presents no facts to show that he is likely to suffer such harm or that he

4

has suffered any such harm. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). To be sure, federal courts have held that inmates do not have a constitutional right to shower every day. *See, e.g., Fountain v. Rupert*, No. 6:15cv100, 2018 WL 4346645, *3 (E.D. Tex. Sept. 12, 2018) (adopting magistrate judge's report and citing *Vinson v. Texas Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990)); *Bensinger v. Nichols*, No. 94-CV-4322, 1994 WL 561924, *2 (E.D. Pa. Oct. 14, 1994). The Eighth Amendment is not violated when an inmate merely suffers uncomfortable or harsh living conditions. *Rhodes*, 452 U.S. at 347.

Moreover, to the extent that Plaintiff cites federal criminal civil rights and conspiracy statutes, 18 U.S.C. §§ 241, 242, with respect to his shower privileges claim, he is also not entitled to relief. Those criminal statutes do not authorize civil suits or create a private cause of action for the alleged deprivation of civil rights. *See., e.g., Young v. Overly*, No. 17-6242, 2018 WL 5311408, *2 (6th Cir. July 2, 2018) (citing cases); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claims brought under 18 U.S.C. §§ 241 and 242 "because [plaintiff] has no private right of action under either of these criminal statutes"); *accord Crosby v. Catret*, 308 F. App'x 453 (D.C. Cir. 2009) (per curiam); *Thibeaux v. Mukasey*, 275 F. App'x 889, 893 (11th Cir. 2008); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1267-68 (M.D. Fla. 2008) (citing cases). Plaintiff thus fails to state a claim upon which relief may be granted as to his shower privileges issue.

5

Third, Plaintiff's claims against K. Kullman (and the Macomb County Jail) concerning his mail must also be dismissed. Plaintiff alleges violations of federal criminal postal statutes, 18 U.S.C. §§ 1702, 1703, 1705, 1706, as the bases for his mail claims. Those criminal statutes, however, do not provide a private cause of action for damages or other civil action for the alleged deprivation of rights. *See, e.g., Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) (discussing § 1703 and citing cases); *accord Contemporary Mission, Inc. v. United States Postal Svs.*, 648 F.2d 97, 103 n. 7 (2d Cir. 1981) (discussing §§ 1701, 1702, and 1703); *Durso*, 641 F. Supp. 2d at 1268 (discussing § 1705 and citing cases); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 130-31 (W.D. N.Y. 1979); *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 162 (D. D.C. 1976); *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975). Additionally, at least two of those statutes are inapplicable to the facts at hand, *e.g.*. § 1703 only applies to Postal Service employees and § 1706 applies to mail bags/containers for mail transportation. Plaintiff thus fails to state a claim upon which relief may be granted as to his mail claims.

Lastly, the Court notes that the Macomb County Jail, even if it were a proper defendant such as Macomb County, cannot be held liable for K. Kullman's conduct (or the conduct of any other jail employees) in this action. A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in

alleged misconduct to establish liability). Plaintiff does not do so. He also does not allege facts showing that any injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Plaintiff thus fails to state a claim upon which relief may be granted in his complaint.

### III. CONCLUSION

Based upon the foregoing discussion, the Court concludes that the Macomb County Jail is not an entity subject to suit in this action and that Plaintiff fails to state a claim upon which relief may be granted as to the claims set forth in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Lastly, the Court concludes that an appeal from this opinion and order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

>s/Sean F. Cox
>SEAN F. COX
>UNITED STATES DISTRICT JUDGE

Dated: July 1, 2019